Hart, J.,
dissenting. In the course of its per curiam opinion in the instant case, the Court of Appeals said:
“These actions originated in the Court of Common Pleas of Lorain County. They are equitable in nature, in which the appellants seek injunctive relief to compel •the removal of a cable and wire fence stretched across a stream of water known as ‘Beaver Creek’ at a place in Lorain County where the creek flows through the lands owned by the appellees, and then on into Lake Erie. One appellee, the father, owns the land on one side of the stream, and the other appellee, the son, owns the land on the opposite side of the stream, at the point where the barricade was erected through their joint efforts.
“The appellants own land on the stream above the barricade, and operate thereon commercial enterprises for the public in the nature of boat rentals, boat storage, and other services of a similar character. The appellees, on a much larger scale, likewise use the stream for a similar commercial business. The stream can now be used by the appellees and their customers from their places of business into the waters of Lake *208 Erie. The obstruction precludes the appellants and their customers from using the stream below the barricade into Lake Erie. A successful operation of the business of all the parties requires free access to Lake Erie over the waters of the stream.
“Pursuant to trial in the lower court, a judgment was entered for the defendants, and the petitions of the plaintiffs were dismissed. From an appeal on questions of law and fact, this court now has the cases for decision following a trial de novo.
“The appellants, the upper riparian owners, state the question as follows:
“ ‘May an important river such as Beaver Creek River, which has the capacity for and has been used for commercial purposes by the owners of the riparian lands bordering thereon for the past 14 years and longer, including the defendants themselves, be arbitrarily blocked by the erection of a barrier through a conspiracy by the owners of separate parcels of land on opposite sides of the river and at a point downstream, to eliminate their competitors’ business and to destroy the value of the riparian land upstream?’
“It is established in Ohio that ‘the rivers of this state, to the extent that they are in fact navigable, are public highways,’ that the obstruction of a navigable stream, when it is used by the public, is a public nuisance, and that ‘where such nuisance works a private injury, the party injured may restrain its continuance by injunction.’ Hickok v. Hine, 23 Ohio St., 523, paragraphs one and three of the syllabus.
“To the contrary, however, the owner or owners of land comprising both banks and the bed of a non-navigable stream has the exclusive right to boating or traveling on the stream, and may enjoin trespassers from using the waters as an avenue of travel. East Bay Sporting Club v. Miller, 118 Ohio St., 360.
“With these general principles before us, we have *209 analyzed the several hundreds of pages of record and exhibits, and reach the conclusion that the stream is not navigable in the sense that that word is used in Ohio law, because at no time did or could this stream, in its natural state, be used as a highway of commerce over which trade or travel could be conducted in the customary mode.
“While it is a fact that at the present time the stream is sufficient to accommodate small fishing and pleasure craft from Lake Erie to the property of the appellant furthest up stream — the property of appellant Sisco — this condition was created by artificial means, employed in most part by the appellees in the operation of their business. Beyond the Sisco property, however, any type of commercial navigation is and always has been impossible. Further, this stream originates from drainage ditches serving various farm lands in the vicinity of Oberlin, Ohio, and, as it meanders through several Lorain County townships, on its way to Lake Erie, it grows larger in volume, but at no place along its course, or at its start, are there lands open to the public from which persons can lawfully get onto the stream and engage in commerce. The only public access to the stream is at its mouth in Lake Erie.
“Property rights in a nonnavigable stream do not ehange where, at a time subsequent to the acquisition of those rights, the owners, by artificial means, increase the depth and width of the stream to accommodate small boats which are used for fishing and other pleasures incident thereto. The property rights so fixed are not lost to the owners who, in the manner above indicated, improve the usefulness of their lands.
“It appears to the members of this court that the test for determining whether or not a stream is navigable is well stated in Chisholm v. Caines, 67 F., 285, cited with approval by the Supreme Court of this *210 state in East Bay Sporting Club v. Miller, supra, at page 370.
“Ohio cases, as well as cases generally throughout the states, agree that neither ‘depth, width, nor uninterrupted course, nor freedom from obstruction, nor constant supply of water, nor an unvarying floatable condition, nor all combined, would in themselves make a navigable water. * * * to make a body of water a public, navigable stream, it must be accessible to the public. The essential characteristic of a navigable stream is that it is, or is capable of becoming, a public highway * * * a means open to the public of passing from one place, where they have a right to be, to another, in which they have the same right.’ The above-quoted statements are from Chisholm v. Caines, supra, at page 292. The court in that case continues as follows (at page 294):
“ ‘All the cases concur in treating as the test of a navigable stream, that it is or can be used as a highway of commerce, over which trade or travel are or may be conducted in the customary modes of trade or travel on water. The Daniel Ball, 10 Wall., 557; Hickok v. Hine, 23 Ohio St., 523; Brown v. Chadbourne, 31 Me., 9. In order to be of use for the purposes of commerce, trade, or travel, the stream must be a means of intercourse and communication with points between which commerce, trade, or travel is conducted, and conducted by the public. The public may use any highway for any purpose of trade, travel, or pleasure. But it must be a highway.’
“By adopting the rule of Ohio and elsewhere that a stream must have the essential characteristics of a highway, with a means open to the public of lawfully getting onto the water highway and a means of lawfully getting off of it at a terminal, the members of this court are of the opinion that the evidence offered is not sufficient to sustain a right to the relief sought. ’ ’
*211 With the foregoing statement of facts and analysis of the law applicable thereto, I fully agree.
Stewart, J., concurs in the foregoing dissenting opinion.